IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02625-WDM-MEH

COLORADO OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND,

    Plaintiff,

v.

CLARKE & SAMPSON, INC.,

    Defendant.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on the motion to dismiss filed by Defendant Clarke & Sampson, Inc. (doc no. 4). Plaintiff opposes the motion. After a review of the complaint and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be denied.

### Background

Subject matter jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332.

According to the complaint, Plaintiff is a joint labor-management trust fund established and governed in accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Complaint ¶ 3. Plaintiff retained Defendant, an insurance brokerage company, to acquire on its behalf an ERISA compliant bond. Complaint ¶¶ 4-6. The policy procured by Defendant, however, did not comply with ERISA's coverage requirements because it excluded independent contractors. Complaint

¶ 11.  While the bond was in force, Plaintiff discovered that its investment manager, an independent contractor, had engaged in fraudulent investment schemes, resulting in losses to Plaintiff in the amount of approximately $514,592.  Complaint ¶ 9.  Plaintiff brings this action asserting claims under the Colorado Consumer Protection Act and breach of contract and negligence theories.  Defendant seeks to dismiss Plaintiff's complaint on the grounds that Plaintiff's claims are preempted by ERISA and because Plaintiff has failed to adequately allege damages.

Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief.  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Discussion

1. Preemption Under ERISA

Defendant first argues that because Plaintiff's state law claims "relate to" an employee benefit plan governed by ERISA, they are preempted in their entirety by ERISA.  ERISA contains a broad preemption clause, which provides that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  Although the scope of this preemption is "deliberately expansive," it is not unlimited and does not apply where the effect of the state law on the plan is "too tenuous, remote, or peripheral."  *Airparts Co., Inc. v. Custom Benefit Serv. of Austin, Inc.,* 28 F.3d 1062, 1065 (10th Cir. 1994) (citation omitted).

The Tenth Circuit has recognized four categories of laws which have been held preempted because they "relate to" ERISA plans: (1) laws that regulate the type of benefits or terms of ERISA plans; (2) laws that create reporting, disclosure, funding, or vesting requirements for ERISA plans; (3) laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans; (4) laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan. *Airparts Co.*, 28 F.3d at 1064-65. In contrast, laws of general application that do not affect relations among the principal ERISA entities (i.e., the employer, the plan, the plan fiduciaries, and the beneficiaries) often are found not to "relate" to an ERISA plan. *Id.* at 1065.

"What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." *Monarch Cement Co. v. Lone Star Indus., Inc.*, 982 F.2d 1448, 1452 (10th Cir. 1992) (citation omitted). In other words, laws that provide an "alternative cause of action" to employees to collect benefits, that refer specifically to ERISA plans and apply solely to them, or that interfere with the calculation of benefits are ruled preempted. *Id.* As long as the state law "does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated." *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.*, 944 F.2d 752, 754 (10th Cir. 1991) (citation omitted).

Applying these principles, I conclude that Plaintiff's claims are not preempted. The claims asserted arise under state laws of general application and do not affect the primary

3

administrative function of the plan or the relations among the traditional plan entities. The claims are not an effort to use an "alternative cause of action" seeking to affect the type or amount of benefits under the plan or the terms or structure of the plan. Moreover, the results of this litigation will not result in inconsistent or conflicting regulation that would destroy the structural unity of the ERISA scheme.

Defendant argues that this falls into the category of "misconduct growing out of the administration of the ERISA plan." I disagree. Although the background facts include misconduct in the administration of the plan, the primary issues to be litigated relate to the scope of Defendant's duty to procure insurance that satisfied the requirements of the insured and whether Defendant breached that duty. This duty arises primarily out of agency or contract and would exist even if the plan were not governed by ERISA. *See David P. Coldesina, D.D.S., P.C. v. Estate of Simper,* 407 F.3d 1126, 1137-38 (10th Cir. 2005) (claim for negligent supervision of plan's investment advisor against nonfiduciary defendants not preempted; "This claim could have been asserted just as easily if [the investment advisor], functioning as the defendants' agent, had given [the plaintiff] personal investment advice and stolen his personal funds. This is true because the key to finding liability here is the agency relationship, not the plan."). There is no allegation that Defendant is a plan fiduciary or otherwise has administrative responsibility for the plan. The Tenth Circuit and other courts have held on similar facts that claims by ERISA plans against non-fiduciary third parties for professional malpractice, which is the gravaman of this case, are not preempted by ERISA. *Airparts Co.,* 28 F.3d at 1067 (citing cases); *see also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 991 (10th Cir.

4

1999) (citing cases in which courts found no ERISA preemption where an employer sued an insurance professional for misrepresentations that induced plan participation).

Accordingly, the claims do not "relate to" an ERISA plan and are not preempted by ERISA.

2.   Adequacy of Allegations of Damages

Defendant further contends that the complaint should be dismissed because Plaintiff has failed to allege damages directly resulting from the acts or omissions of Defendant. Specifically, Defendant argues that its liability arises only if Plaintiff complied with the terms of the bond, made a claim, and was denied coverage. Since Plaintiff has not alleged that a claim on the bond was denied, Defendant argues, Plaintiff cannot demonstrate that it suffered damages attributable to Defendant. Plaintiff argues in response that evidence of denial of coverage is one way to prove causation and damages, but is not exclusive, that the lack of coverage can be (and has been) determined by the court, submitting a claim would be futile, and litigation with the insurer is not a condition precedent to a suit against a broker.

I am not persuaded by the cases and other legal authority provided by Defendant that Plaintiff is required to plead as an element of its claims that it submitted a claim to the insurer and coverage was denied. Whether Plaintiff's loss was caused by Defendant's conduct can be determined by proof of lack of coverage in the policy, which can be determined by the trier of fact or as a matter of law. *See, e.g., Hecla Min. Co. v. New Hampshire Ins. Co.,* 811 P.2d 1083, 1089 (Colo. 1991) ("Whether coverage is ultimately available under the [insurance] contract is a question of fact to be decided by the trier of

fact"); *Continental Western Ins. Co. v. Heritage Estates Mut. Housing Ass'n, Inc.*, 77 P.3d 911, 913 (Colo. App. 2003) (insurance policies are contracts that must be construed according to their plain meaning and the well-settled principles of contract interpretation); *Estate of Ensz v. Brown Ins. Agency, Inc.,* 223 N.W.2d 903, 909 (Wis. 1974) (insured does not have to sue insurer for reformation before seeking recovery against broker who sold deficient policy; "The normal rule is that it is only required that the policy be in evidence and be found by the court not to provide coverage.")

I take note of cases cited by Defendant for the principle that "an insured, in order to recover on a claim against a broker or agent, need not show that he/she has sued the insurer.  It is sufficient to show that the insurance policy is defective or invalid and that the insurer has refused to pay part or all of the claim."  *See, e.g., Twaiten v. Tanke,* 466 N.W.2d 31, 34-35 (Minn. Ct. App. 1991).  However, Defendant has identified no case in which the failure to make a claim to an insurer, much less a facially excluded claim, precluded proof of damages as a matter of law.  Accordingly, I cannot determine that it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief

Accordingly, it is ordered:

1. The motion to dismiss (doc no. 4), filed March 7, 2005, is denied.

DATED at Denver, Colorado, on December 27, 2006

BY THE COURT:

s/ Walker D. Miller
United States District Judge